

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
|  | § |  |
| LORENZO LOPEZ, | § | No. 08-17-00033-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| State. | § | (TC# 20150C06037) |
|  | § |  |

**ORDER**

On April 17, 2017, counsel for Appellant notified the Court that the reporter's record is incomplete because it does not include the record of the following hearings/trial: arraignment/pre-trial on August 4, 2014, pre-trial hearing on September 7, 2015; a plea hearing on October 8, 2015; the jury trial on February 8, 2016; a motion hearing on July 22, 2016; and a status hearing on August 26, 2016. The official court reporter, Maria Chavez, has notified Appellant and the Court that she did not become the official court reporter of the County Court at Law No. 7 until March 1, 2016, and she has no knowledge of which court reporter(s)r transcribed the other hearings and the jury trial. Additionally, she has advised us that no record was taken on July 22, 2016 or August 26, 2016. Given the absence of information regarding the remaining portions of the record, the Court has determined it is necessary for the trial court to conduct a hearing to determine the identity of the court reporter(s) who transcribed the remaining missing portions of the record and whether the court reporter's notes are available.

It is therefore ORDERED that the trial court conduct a hearing to determine whether Appellant has been deprived of the missing portions of the reporter's record for any reason, including whether the court reporter's notes have been lost or destroyed, such that Appellant might be entitled to a new trial pursuant to TEX.R.APP.P. 34.6(f). The hearing should be conducted within thirty days if possible. The official court reporter shall attend and transcribe the hearing. The record before us reflects that Appellant timely requested the reporter's record. The trial court shall determine the following issues:

1. the identity of the court reporter(s) who transcribed the hearings and trial on the dates listed above;

2. whether a significant portion of the court reporter's notes and exhibits have been lost or destroyed, and if so, whether the loss or destruction occurred without any fault of the Appellant;

3. if the reporter's record has been lost or destroyed, whether the lost or destroyed portion is necessary to the appeal's resolution;

4. if the reporter's record has been lost or destroyed, whether it can be replaced by agreement of the parties; and

5. if the reporter's record has not been lost or destroyed, the trial court shall determine whether another court reporter can utilize the notes to prepare and file the reporter's record.

The trial court is authorized to hear evidence and to determine any additional matters it deems relevant to these inquiries. The court is also authorized to enter any orders to ensure that the reporter's record is filed at the earliest date possible.

The trial court is directed to make findings of fact and conclusions of law regarding these matters and file same with the trial court clerk for inclusion in a supplemental clerk's record. The supplemental clerk's record shall be forwarded to this Court on or before May 22, 2017. Additionally, the court reporter shall prepare the transcription of the hearing and forward it to this Court on or before May 27, 2017. The date for the Appellant's brief will be re-established after the issues related to the Reporter's record have been resolved.

IT IS SO ORDERED this 12th day of April, 2017.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.